UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BILLY WITHERSPOON, *pro se*

               Petitioner,

       -against-

The State of New York; Kings County District
Attorney's Office,

            Respondents.
-------------------------------------------------------------X

**SUMMARY ORER**
11-CV-5815 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

      Petitioner Billy Witherspoon, appearing *pro se* and currently on parole, seeks a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pursuant to Rule 4 of the Rules Governing Section

2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons

set forth below, determined that the petition appears to be time-barred by the one-year statute of

limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See*

28 U.S.C. § 2244(d)(1). The Court directs petitioner to show cause within 30 days of the entry

of this Summary Order why the petition should not be dismissed as time-barred.

## BACKGROUND

      Petitioner was convicted in the Supreme Court of the State of New York, Kings County,

of driving while intoxicated and aggravated unlicensed operation of a vehicle and sentenced to

three to seven years' imprisonment. (Petition at ¶¶ 1-5.) On February 13, 2008, the Appellate

Division affirmed the conviction. *People v. Witherspoon*, 48 A.D. 3d 599 (2d Dep't 2008). On

---

[1]  In reviewing petitioner's pleadings, the Court is mindful that, "[a] document filed *pro se* is to
be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,
94 (2007). Accordingly, the Court interprets the petition "to raise the strongest arguments that
[it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006).

December 17, 2008, The New York Court of Appeals denied leave to appeal. *People v. Witherspoon*, 11 N.Y. 3d 901 (2008). It is unclear whether petitioner filed a writ of certiorari to the United States Supreme Court. (Petition at ¶ 9(h).)

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[2] the instant petition appears untimely. Petitioner's conviction became final on or about March 17, 2009, upon expiration of the 90-day period for seeking a writ of certiorari. *Saunders v. Senkowski*, 587 F. 3d 543, 547-49 (2d Cir. 2009); *Williams v. Artuz*, 237 F. 3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition should have been filed on or before March 17, 2010. Instead, this petition was filed on

---

[2] Petitioner does not state any facts to suggest that subsections (B)-(D) are applicable.

November 21, 2011, after the one-year limitations period had already expired. Therefore, unless petitioner can show that the one-year statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

## A.     Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Smith v. McGinnis*, 208 F. 3d 13, 16 (2d Cir. 2000) (*per curiam*). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F. 3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 219-21 (2002).

According to petitioner, he filed the following post-conviction motions: (i) a motion pursuant to N.Y. Criminal Procedure Law § 440.20 ("440 motion"), which was denied on June 3, 2008; (ii) a state petition for a writ of habeas corpus, which was denied on February 11, 2010 and for which leave to appeal was denied on May 11, 2010; and (iii) a writ of *error coram nobis* filed on August 17, 2010 and denied on January 25, 2011. Petitioner does not provide the dates he filed the 440 motion or the state petition for a writ of habeas corpus and whether he appealed the denial of the writ of *error coram nobis*. The Court, therefore, cannot determine whether or how

much tolling is available based on the pendency of these post-conviction motions in the state courts.

Accordingly, petitioner is directed to use the affirmation form annexed to this Order to provide the date on which he filed each post-conviction motion in state court, the date of the state court decision for each post-conviction motion, the date he filed an appeal with respect to the *error coram nobis* and the 440 motion and the date of the decision from the highest state court on each motion. Petitioner must file the affirmation no later than January 18, 2013.

**B.     Equitable Tolling**

The limitations period may also be equitably tolled. *Holland v. Florida,* — U.S. —, 130 S.Ct. 2549, 2560 (June 14, 2010); *Smith*, 208 F. 3d at 17 (Equitable tolling is available if petitioner can demonstrate that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll."). Petitioner does not make any arguments suggesting that equitable tolling should apply to this petition. If petitioner believes that the time limitations period should be tolled, he must specify what extraordinary circumstances prevented him from timely filing his petition in an affirmation no later than January 18, 2013.

**CONCLUSION**

Accordingly, petitioner is directed to show cause, NO LATER THAN JANUARY 18, 2013, by written affirmation using the form attached to this Order, why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F. 3d 117, 124 (2d Cir. 2000). In the affirmation, petitioner must provide the dates he on which he filed each post-conviction motion and the dates

of the decisions by the state's highest court. In addition, petitioner should present any facts which would support equitable tolling of the period of limitations, if applicable.

All further proceedings shall be stayed until January 18, 2013 or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition will be dismissed as time-barred under 28 U.S.C. § 2244(d). As defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

_____
/s/
Dora L. Irizarry
United States District Judge

Dated: Brooklyn, New York
      December 14, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

BILLY WITHERSPOON, *pro se*

                         Petitioner,

          -against-

The State of New York; Kings County District
Attorney's Office,

                      Respondents.

-------------------------------------------------------------X

**PETITIONER'S AFFIRMATION**
11-CV-5815 (DLI)

       BILLY WITHERSPOON, appearing *pro se*, makes the following affirmation under the penalties of perjury:  I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated December 14, 2012.  The instant petition should not be time-barred by the one-year period of limitation because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]**

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____          _____
                                     Signature & Identification Number

                                     _____
                                     Address

                                     _____

                                     _____
                                     City, State & Zip Code