UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BILLY WITHERSPOON, *pro se*,

                Petitioner,

                -against-

THE STATE OF NEW YORK, KINGS COUNTY
DISTRICT ATTORNEY'S OFFICE

                Respondents.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-cv-5815 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

On November 11, 2011, *pro se* Petitioner Billy Witherspoon ("Petitioner" or "Witherspoon") filed this instant petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.[1] Respondents oppose each claim alleged in the Petition (*see generally* Affirmation of Sholom J. Twersky in Opposition to Petition, Dkt. Entry No. 6). Upon initial consideration of the petition, this Court determined that it may be time barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court directed Petitioner to show cause why his petition should not be dismissed as time barred. (Order, Dkt. Entry No. 15.) Upon review of Petitioner's written affirmation, the Court finds that Petitioner has demonstrated that he is entitled to equitable tolling of the statute of limitations. Therefore, his petition is timely. However, for the reasons set forth below, the petition is denied on its merits in its entirety.

---

[1] In reviewing Petitioner's pleadings, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006).

1

**BACKGROUND**

On April 3, 2005, Petitioner was stopped by the police for failing to wear a seatbelt. (Trial Transcript, *People v. Billy Witherspoon*, Indict. No. 2525/2006 ("Tr.") at 74, 95, 213). The officers noticed that Petitioner smelled strongly of alcohol, had bloodshot eyes, and staggered when he was asked to exit his vehicle. (*Id.* at 37, 42-45, 79, 96-97, 101, 216, 221.) The officers also observed several bottles of brandy in the car. (*Id.* at 42-45, 79, 96-97, 101.) They arrested Petitioner (*Id.* at 41, 99-101, 218), and Petitioner later registered a .118 on an intoxilyzer machine. (*Id.* at 62, 143.) Following a jury trial, Petitioner was convicted in the Supreme Court of the State of New York, Kings County ("Kings Co. Supreme Court") of two counts of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, one count of Aggravated Unlicensed Operation of a Vehicle, and one count of Driving Without a Seatbelt. Petitioner was sentenced to three to seven years' imprisonment. On February 13, 2008, the New York State Supreme Court Appellate Division, Second Department ("Appellate Division") affirmed Petitioner's judgment of conviction, *People v. Witherspoon*, 48 A.D. 3d 599 (2d Dep't 2008). Petitioner did not file a petition for a writ of *certiorari* before the United States Supreme Court. On December 17, 2008, the New York State Court of Appeals denied Petitioner's application for leave to appeal. *People v. Witherspoon*, 11 N.Y. 3d 901 (2008).

**STANDARD OF REVIEW**

**A. Statute of Limitations**

The AEDPA requires a state prisoner whose conviction has become final to seek federal *habeas corpus* relief within one year. 28 U.S.C. § 2244(d)(1). This one-year period runs from the date on which one of the following four events occurs, whichever is latest:

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Accordingly, under 28 U.S.C. § 2244(d)(1)(A), Petitioner's conviction became final on March 17, 2009, ninety days after the New York State Court of Appeals denied his application for leave to appeal. Absent tolling, Petitioner had until March 17, 2010 to file his *habeas* petition. Petitioner did not file the instant petition until November 21, 2011. Accordingly, the petition is time barred, absent tolling.

**B. Statutory Tolling**

The AEDPA tolls the one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). *See also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). On April 1, 2008, while his direct appeal was still pending, Petitioner filed a C.P.L § 440.10 motion to vacate his judgment of conviction. The Kings Co. Supreme Court denied that motion on June 3, 2008. Although Petitioner appears to claim that the Appellate Division denied his motion for leave to appeal his § 440.10 motion on March 23, 2009 (Witherspoon Affirmation, Dkt. Entry No. 17.), the record indicates that the decision was reached on August 14, 2008. As Petitioner's § 440.10

3

motion was resolved before his conviction became final on March 17, 2009, the motion has no effect on the statute of limitations.

Witherspoon also filed a state petition for a writ of *habeas corpus* on December 10, 2008. The Appellate Division denied the petition on February 11, 2010, and leave to appeal to the New York State Court of Appeals was denied on May 6, 2010. The statute of limitations was tolled during the pendency of this application. *See Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999) ("[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures.") The statute of limitations began to run on May 6, 2010, and Petitioner had one year, or until May 6, 2011, to file his *habeas* petition, absent additional tolling.

Petitioner then filed a writ of error *coram nobis* on August 17, 2010, ninety-three days after the statute of limitations to file his federal *habeas* petition began to run. The Appellate Division denied the writ on January 25, 2011. *People v. Witherspoon,* 80 A.D.3d 787 (2d Dep't 2011). Though Petitioner did not seek leave to appeal, the statute of limitations remained tolled during the thirty-day period during which the petition was appealable. In *Hizbullahankhamon v. Walker*, the Second Circuit held that "the one-year limitations period was not tolled during the intervals between [the *coram nobis* ] denials [by the Appellate Division] and the dates on which the Court of Appeals dismissed Petitioner's applications for leave to appeal these denials" because New York law did not authorize appeals from *coram nobis* denials. 255 F.3d 65, 70-71 (2d Cir. 2001). However, in 2002, New York law changed to allow the Court of Appeals to consider requests for leave to appeal *coram nobis* denials. N.Y. C.P.L. § 450.90(1); *see also People v. Stultz*, 2 N.Y.3d 277, 281 (2004) (recognizing that New York State law "authoriz[es] appeals (by permission) to this Court from appellate orders granting or denying *coram nobis*

4

relief based on claims of ineffective assistance or wrongful deprivation."). Subsequently, the Second Circuit held that "a § 440.10 motion is 'pending' for purposes of AEDPA at least from the time it is filed through the time in which the Petitioner could file an application for a certificate for leave to appeal the Appellate Division's denial of the motion." *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009). Although the Second Circuit has yet to address whether the limitation period is tolled during the 30-day period in which the denial of a *coram nobis* petition is appealable, the reasoning of *Saunders* suggests that AEDPA's one-year limitation period is tolled during this period.

Petitioner filed the instant petition on November 21, 2011. Taken together with the ninety-three days that elapsed between Petitioner's state *habeas* decision and Petitioner's filing of the *coram nobis* motion, a total of 363 days elapsed. The instant petition, therefore, is timely by two days. However, the petition must be denied on the merits.

**C. Ineffective Assistance of Counsel Claim**

Petitioner claims that he is entitled to *habeas* relief because his appellate counsel was constitutionally ineffective for failing to argue that the trial court engaged in judicial misconduct "by instructing the People to supercede the indictment base[d] upon his personal knowledge of the [P]etitioner who was before him one year prior to the proceedings." Petitioner previously raised this argument in his *coram nobis* motion, which was rejected by the Appellate Division on January 25, 2011. *People v. Witherspoon*, 80 A.D.3d 787 (2d Dep't 2011). Under the AEDPA, this Court is prevented from reviewing Petitioner's claims *de novo* and, instead, must determine whether the Appellate Division's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1).

5

In *Strickland v. Washington*, the Supreme Court held that, in order to establish an ineffective assistance of counsel claim, a defendant must show both "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 688, 694 (1984). "The burden of establishing both constitutionally deficient performance and prejudice is on the defendant." *U.S. v. Birkin,* 366 F.3d 95, 100 (2d Cir. 2004) (citing *Strickland*, 466 U.S. at 687). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

As an initial matter, it is clear that Petitioner's appellate counsel did raise the alleged judicial misconduct issue before the Appellate Division in her forty-page appellate brief challenging Petitioner's conviction. In Point I of the appellate brief, appellate counsel quoted extensively from the record and cited to several legal sources in support of the argument that "Justice Chun should have recused himself on this trial and disclosed to the parties that the defendant had appeared before him and he particularly knew the defendant as a result." (Defendant's May 2007 Brief to the Appellate Division ("Def's App. Br."), Dkt. Entry No. 12-1 at 29.) Appellate counsel further argued that Petitioner's conviction should be reversed because Petitioner "was prejudiced through the Court's obvious bias" when it became "an advocate for the People" by "telling them how to proceed." (Def's App. Br., Dkt. Entry No. 12-1 at 29.) Because appellate counsel in fact did raise the issue of judicial misconduct complained of in the instant petition, Petitioner cannot meet the burden of showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88.

Petitioner's claim also fails because he has not made or substantiated a claim of actual prejudice as required by *Strickland*'s second prong. The "Court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697. Petitioner has failed to demonstrate that the result of his appeal would have been different and, thus, has not suffered any prejudice. Accordingly, the petition is denied in its entirety.

## CONCLUSION

The petition for a writ of *habeas corpus* is denied. Petitioner is further denied a certificate of appealability as he fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

DATED:    Brooklyn, New York
               September 24, 2015

                                                _____/s/_____
                                                     DORA L. IRIZARRY
                                                 United States District Judge